IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Wazney, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:15-1116-HMH-KFM |
| ) | |
| vs. ) | **ORDER AND** |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| Sumter-Lee Regional Detention Center, ) | |
| Director Simon Major, ) | |
| Major McGhaney, ) | |
| Captain Theresa Ray-Lee, ) | |
| Captain Ronald Gailliard, ) | |
| Lieutenant C Kelly, and ) | |
| Sergeant Chance Limpkin, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 47) and the plaintiff's motion to amend his complaint (doc. 66). The plaintiff is a former pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"), and the individual defendants are officers at the SLRDC. The plaintiff alleges that the defendants violated his civil rights while he was housed at the SLRDC awaiting trial. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

The defendants filed their motion for summary judgment on December 17, 2015 (doc. 47). On December 18, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 48). After receiving several extensions of time, the plaintiff filed his response in opposition to the motion on March 29,

2016 (doc. 68), and the defendants filed a reply on April 8, 2016 (doc. 74).

## BACKGROUND

The plaintiff was arrested in December 2013 for criminal sexual conduct with a minor and was housed at the SLRDC until April 2015, when he was convicted and sentenced to 80 years imprisonment and transferred to the South Carolina Department of Corrections (DOC. 47-6, Ray Lee aff. ¶ 6). In his complaint here, the plaintiff alleges that upon his arrival at the SLRDC, he was placed in D-Pod, which went on lock down for 17 days, preventing him from communicating with the "outside" and resulting in his attending a bond hearing without counsel (doc. 1, comp. ¶ 11). He thereafter requested legal materials from the staff without success and sought legal materials by mail, which were intercepted and denied as against SLRDC policy (*id.* ¶¶ 14-16). The majority of the plaintiff's complaint chronicles his dissatisfaction with the SLRDC's grievance system, as he alleges that he received "evasive and less than diligent" responses, if any, to the 62 grievances he filed within a 13-month period (*id.* ¶¶ 9 -28). Significantly, while the names of the six individual defendants appear in various paragraphs of the complaint, the plaintiff fails to make any specific allegations against them beyond their various communications with him regarding his grievances or the SLRDC grievance system.

With his response in opposition to summary judgment (doc. 68), the plaintiff provides copies of some of the grievances he filed while at the SLRDC. These show his complaints about SLRDC staff improperly processing or responding to his grievances, interfering with his mail, denying him access to legal materials, and initially confining him in lock down status without certain privileges (docs. 68-1 through 3). In his complaint, the plaintiff requests that this court award him "some sort of relief from this unfair treatment.

The amount of damages done to this point are grossly irreversible" (doc. 1, comp. ¶ 31).

In support of their motion for summary judgment, the defendants provide affidavits denying that they violated the plaintiff's constitutional rights.  They argue that the plaintiff's complaint fails to set forth sufficient facts to state a claim, as each of them are named only sporadically in the complaint and only in relation to their respective alleged communications regarding the plaintiff's grievances.  They further contend that the plaintiff has failed to allege that any of their individual conduct resulted in injury to him.

After the defendants moved for summary judgment, the plaintiff filed a motion to supplement or amend his complaint so as to name the defendants in their individual and official capacities and to add other SLRDC employees (doc. 66).  The defendants filed a response objecting to the amendment as futile and prejudicial (doc. 75).

## MOTION FOR SUMMARY JUDGMENT

### *Legal Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and

3

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### *SLRDC as a Defendant*

The claims against the SLRDC should be dismissed. Section 1983 provides a cause of action for constitutional violations committed by a "person, [acting] under color of any statute, ordinance, regulation, custom, or usage, of any State...." 42 U.S.C. § 1983. The SLRDC is a building or group of buildings and not a "person" for purposes of § 1983 liability, and thus it cannot be a defendant in this action. *See Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons[,]'

and the jail is not a person amenable to suit.").

***Individual Defendants***

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.P. 8(a)(2). Although the court must liberally construe a *pro se* complaint, the Supreme Court of the United States has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. V. Twombley*, 550 U.S. 544 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678.

While the plaintiff's complaint raises various matters concerning his access to legal information and the conditions of his confinement, he fails to plead any facts of the personal involvement of the individual defendants other than their handling of subsequent grievances. A review of the grievances themselves likewise fails to attribute any personal participation by these defendants in the underlying complaints, or specify any resulting damages.

### 1. Legal Materials

The plaintiff alleges that he was denied legal materials. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit

5

sufficient time for prisoners to petition the courts.'" *Id.*, 810 F.2d at 452 (citing *Cruz v. Hauck*, 515 F.2d 322, 331–33 (5th Cir. 1975)). In *Cruz*, the court noted, "[A]ccess to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State." 515 F.2d at 331.

A review of affidavits submitted by the defendants, as well as grievances submitted by the plaintiff, reveals that the plaintiff had access to legal materials in that: he had legal counsel (doc. 47-6, Ray Lee aff., ¶ 10; doc. 68-1, pp. 42-46, grievances); he requested and received legal materials from the SLRDC staff (doc. 47-8, Lumpkin aff. ¶¶ 11-12; doc. 68-2, pp. 29, 32, grievances); and he had access to and used the facility's legal kiosks, which maintained a variety of legal resources, including computer access to statutes and cases (doc. 47-6, Ray Lee aff. ¶ 10; doc. 47-8, Lumpkin aff. ¶ 9; doc. 68-2, p. 35, grievance).

Moreover, the plaintiff has not alleged a specific injury from his alleged lack of access to law books. *See Magee*, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was housed only temporarily in a local jail); and *Tinsley v. Singleton*, C.A. No. 8:08-532-SB, 2009 WL 764877, at *8 (D.S.C. Mar. 23, 2009) ("Moreover, to the extent that the Plaintiff challenges his inability to file other actions while he was being held, he does not identify any actions he wished to file, point to any specific issue he wished to research, or allege any specific injury he suffered."). Without such a showing, the plaintiff's claim has no merit.

### 2. Interference with Mail

6

The plaintiff alleges that he asked his brother to mail certain legal materials to him, and these materials were intercepted by the SLRDC staff and not delivered to him. He provides his brother's declaration (doc. 70) confirming that he printed and mailed the plaintiff's requested materials. The defendants recite the policy of the SLRDC prohibiting such packages for contraband and security reasons and state that a package sent to the plaintiff was returned to sender for violating the policy (doc. 47-6, Ray Lee aff. ¶¶ 7-8; doc. 47-5, Major aff. ¶ 9; doc. 47-7, McGhaney aff. ¶ 4).

To state a claim that a delay or failure in delivering legal mail violated an inmate's constitutional rights, the plaintiff must allege facts showing that "the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). Accordingly, the plaintiff must show that the alleged "interference with his legal mail caused him to suffer actual detriment to a legal proceeding." *Williams v. Crawford*, 339 F. App'x 288, 289 (4th Cir.2011) (citing *Lewis v. Casey*, 518 U.S. 343, 349–51 (1996) (holding that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation)). Again, the plaintiff has failed to make such a showing here. Accordingly, any such allegation of deprivation of meaningful access to the courts fails.

### 3. Telephone Access - Conditions of Confinement

As the plaintiff was a pretrial detainee at all times relevant here, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Unlike convicted inmates, pretrial

7

detainees have not been adjudicated guilty of a crime and may not be subjected to any sort of "punishment." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988). In any event, "[the] due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Id.* at 870. The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his confinement, a prisoner must prove that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v.* Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The plaintiff claims to have been housed in a unit on lock down upon his arrival at the SLRDC with the inability to telephone an attorney, which resulted in his attending a bond hearing without representation. In response to the plaintiff's allegations, the defendants present SLRDC intake records showing that the plaintiff was processed without telephone restrictions (doc. 47-4, Dukes aff. ¶ 4), and visitation records showing that he was visited by an attorney five days later (*id.* ¶ 6). In any event, the plaintiff fails to allege that any of these defendants personally prevented him from making a telephone call or prevented him from seeking counsel. Moreover, as argued by the defendants, there has been no showing by the plaintiff that they had any role in his bond proceedings before the county magistrate, and as such they cannot be charged with denying him counsel.

To the extent the plaintiff claims that other conditions of his confinement – during lock down or otherwise – violated his rights, he again has failed to identify any specific injury as a result or attribute such injury to the personal conduct of the defendants.

*Grievance System*

With respect to the plaintiff's claim that the grievance system at the SLRDC is flawed or inadequate, the law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977). Even if the prison provides for grievance procedures, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 2013).

*Qualified Immunity*

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and

9

*Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the undersigned finds the defendants are entitled to qualified immunity.

## **MOTION TO AMEND**

Pursuant to Federal Rule of Civil procedure 15(a), a plaintiff may amend his pleading once a matter of course, meaning without the opposing party's consent or the court's leave, within 21 days after serving the pleading or within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a plaintiff must seek leave of court. *Id.* 15(a)(2). Here, the plaintiff must seek leave of court as he did not file his motion within 21 days of service of the answer (*see* doc. 66, filed 116 days after service of doc. 44). Amendments are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile. *See id.*; *Jones v. Lexington County Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as futile).

The plaintiff's proposed allegations are futile. The proposed new defendants are officers at the SLRDC who are accused of "handling the plaintiff's mail as stated in the current defendants' affidavits" (doc. 66, ¶ 1). As addressed above, this cursory allegation is insufficient to establish a constitutional violation, and a review of the defendants'

10

affidavits provide no factual support for any valid claim. Likewise, amending so as to sue all defendants in their individual and official capacities is futile, since the defendants have not violated the plaintiff's rights in any capacity. As for the alleged newly discovered information regarding the handling of his legal mail (doc. 66-1), the plaintiff again fails to demonstrate any specific injury as a result. As these proposed amendments would prove futile here, the motion to amend is denied.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend his complaint (doc. 66) is denied. Furthermore, IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 47) be granted. The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

April 28, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).