IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Wazney, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:15-1116-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sumter-Lee Regional Detention Center, | ) | |
| Director Simon Major, Major McGhaney, | ) | |
| Captain Theresa Ray-Lee, Captain Ronald | ) | |
| Gailliard, Lieutenant C Kelly, and Sergeant | ) | |
| Chance Limpkin, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Robert Wazney ("Wazney"), a former pretrial detainee,[2] proceeding pro se, alleges several 42 U.S.C. § 1983 claims against the Defendants, including failure to properly respond to his grievance requests, denial of legal materials, interference with his mail, and denial of telephone access. In his Report and Recommendation, Magistrate Judge McDonald recommends denying Wazney's motion to amend

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On April 15, 2015, Wazney was found guilty in state court to criminal sexual conduct with a minor and sentenced to eighty years' imprisonment. (Def. Mot. Summ. J. (Ray-Lee Aff. ¶ 6), ECF No. 47-6.)

his complaint and granting the Defendants' motion for summary judgment. (Report & Recommendation 11, ECF No. 77.)

Wazney filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Wazney's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The court, however, was able to glean two specific objections. First, Wazney objects to the dismissal of all of his § 1983 claims against the individual defendants. The magistrate judge found that Wazney failed to plead any facts of personal involvement by any of the individual defendants. Wazney contends that "[w]ithout discovery, determining which defendants did which action is almost impossible." (Objections 5, ECF No. 88.) However, in order for an individual defendant to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. . . . Consequently, [an individual defendant] must have had personal knowledge of and involvement in the alleged deprivation of [a plaintiff's] rights in order to be liable." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Wazney has generally failed to allege any specific, personal participation by the individual defendants amounting to a constitutional violation. Even where Wazney pleads

specific factual allegations against the individual defendants, his allegations fail to allege any actions which amount to constitutional violations and he has failed to show any resulting injury from his allegations.  See Williams v. Bishop, Civil Action No. RWT-12-1616, 2014 WL 4662427, at *11 (D. Md. Sept. 17, 2014) (unpublished) ("Plaintiff has not advised the Court of any actual injury or specific harm that he suffered as a result of the alleged [§ 1983 claims]."). Thus, these individual defendants must be dismissed.

Second, Wazney claims that the specific injury – caused from being prevented to write or call anyone upon arriving at the Sumter-Lee Regional Detention Center – was that he "attended bond court without representation." (Id., ECF No. 88.)  However, Wazney has failed to show any specific injury.  As noted previously, Wazney has since been convicted and sentenced to eighty years' imprisonment.  There is no allegation that Wazney did not receive credit for time served while held as a pretrial detainee.  Accordingly, after review, the court finds that Wazney's two specific objections are without merit.  Additionally, Wazney reasserts his request to amend his complaint.  However, the court finds that Wazney's proposed allegations are futile. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, docket number 47, is granted. It is further

**ORDERED** that Wazney's motion to appoint counsel, docket number 80, is denied.

**IT IS SO ORDERED**.

                                             s/Henry M. Herlong, Jr.
                                             Senior United States District Judge

Greenville, South Carolina
May 19, 2016

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.